UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
                                      )
PASTIME LLC, DENNIS M. MNOGUE p/k/a    )
TERRY CASHMAN, PKM MUSIC and           )
METROSTAR MUSIC                        )    Docket #
                        Plaintiffs,    )
                                       )    CIVIL ACTION
                                       )
          - against-                   )    COMPLAINT FOR DECLARATORY
                                       )    JUDGMENT TO CANCEL AND ANNUL
                                       )    FRAUDULENT COPYRIGHT
                                       )    REGISTRATION
                                       )
     LEE SCHREIBER                     )
                                       )
                        Defendant.     )
_____x

As and for Plaintiffs' Complaint, Plaintiffs hereby allege as follows:

## PARTIES

1. Plaintiff PASTIME LLC ("PASTIME") is a Delaware Limited Liability Company whose place of business is 48 South Park Street, Unit 615, Montclair, NJ 07042-2788, Essex County, New Jersey.

2. Plaintiff TERRY CASHMAN ("Cashman") is over the age of 18, a citizen and resident of New York, residing at 2400 Johnson Avenue, Apt. 12E, Riverdale, NY 10463 in the County of The Bronx, City and State of New York.

3. Plaintiffs PKM MUSIC and METROSTAR MUSIC are New Jersey general partnerships, with offices at 48 South Park Street, Unit 615, Montclair, NJ 07042-2788, Essex County, New Jersey.

1

4.  Defendant LEE SCHREIBER ("Schreiber") is over the age of 18, and, upon information and belief, a citizen and resident of New York, residing at 26 Horatio Street, Apt #3. New York, NY 10014, in the County, City and State of New York.

## NATURE OF THE ACTION

5.  This is an action for a Declaratory Judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201-02 and the U.S. Copyright Act of 1976, 17 U.S.C. §211 and §1806 to declare Schreiber's September 16, 2014 Copyright Registration #Pau003739778 fraudulent and thus invalid and to direct the Register of Copyrights and the U.S. Copyright Office to cancel and annul Schreiber's Copyright Registration #Pau003739778 in the book for a dramatico-musical stage play entitled *ONCE UPON A PASTIME.* That registration is a re-writing (i.e. revision) of a book entitled *PASSIN' IT ON,* written by Larry Atlas, and subsequently, re-written (i.e. revised) by Cashman and Schreiber and re-titled with Cashman's title, *ONCE UPON A PASTIME.* (Therefore, in this action, the book for *ONCE UPON A PASTIME containing* that re-write is referred to as the "Atlas/C&S Book" and the dramatico-musical stage play using elements of the Atlas/C&S Book is referred to as the "Musical.") Plaintiffs also seek an order directing the U.S. Copyright Office to register for copyright PASTIME's copyright registration application for *ONCE UPON A PASTIME* containing elements of the Atlas/C&S Book.

2

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this federal question pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201-02 and the U.S. Copyright Act of 1976, 17 U.S.C. §201.

7. Venue is proper in this Judicial District because Schreiber is a citizen of the State of New York, residing in this district, Schreiber's employment contract was made in, and was subject to the laws and jurisdiction of, the State of New York. Schreiber performed his writing services in this District, and the events at issue arose entirely in this District.

## STATEMENT OF FACTS

8. Pursuant to agreements with Cashman and PKM Music, Warren and Sally-Jacobs Baker (collectively, the "Bakers") acquired from PKM Music and Cashman the right to produce *PASSIN' IT ON*, with music written by Cashman. The Bakers intended to mount *PASSIN' IT ON* in first class productions. The Bakers commissioned author Larry Atlas ("Atlas") to write the book for the project under the title created by Cashman, *PASSIN' IT ON*. The Bakers owned all rights, titles and interests in Atlas's book, and, by assignment from Atlas, the copyright in and to his *PASSIN' IT ON* book for the stage play.

9. After a few first-run performances of *PASSIN' IT ON* at the Coconut Grove Theater in Florida received unenthusiastic reviews, the Bakers decided a re-write was necessary. Upon the urging of Cashman, the Bakers entered an employment

3

agreement with Schreiber (the "Employment Agreement") that engaged and commissioned Schreiber to re-write the *PASSIN' IT ON* book, with the understanding that Schreiber and Cashman would collaborate to write it and would submit a first act, initially, for the Bakers' approval.  Cashman and Schreiber agreed to collaborate on the re-write.

10.     The Employment Agreement was negotiated with Schreiber's then attorney who was experienced with writers' agreements for the legitimate theater. Schreiber is and was a novice with no experience or attainments to write for the legitimate theater,

11.     The Employment Agreement is attached hereto as **Exhibit 1**.  It specifies in Paragraph 6 that Schreiber was commissioned to render his writing services for all purposes, including but not limited to copyright, as a "contribution to a collective work" and a "work for hire" for the Bakers, and Schreiber waived all author's rights of *droit morale* or other moral rights relating to the Atlas/C&S Book.

12.     Thereupon, Cashman and Schreiber undertook to re-write *PASSIN' IT ON,* Schreiber as an employee-for-hire of the Bakers and Cashman as an independent contractor, and they submitted the first act re-write to the Bakers with the new title, *ONCE UPON A PASTIME.*  The Bakers were dissatisfied with it.  Nevertheless, Cashman and Schreiber completed the second act, submitted it to the Bakers, and the Bakers were still dissatisfied with the re-write.

13.     The Atlas/C&S Book contained all the characters created by Atlas in *PASSIN' IT ON*, preserved Atlas's plot, the locale, the character development for the

4

main characters, the relationships and interactions Atlas created for the characters, and part of the ending for the Musical. Cashman and Schreiber added the Gods of Baseball characters and the Lefty and Whitey characters, and changed some dialog.

14. The Bakers did not want to continue as the producers with the Atlas/C&S Book as the basis for the Musical. Cashman and Schreiber felt that the Atlas/C&S Book was a definite improvement of the Atlas book, and should be tried in readings before audiences. The Bakers made an agreement with Cashman, PKM Music and Metrostar Music by which they withdrew as producers but retained a royalty as creators plus an arrangement on treatment of the Bakers' investment in the Musical.

15. The Bakers assigned, transferred and conveyed to Cashman and PKM Music all of the Bakers' rights, titles and interests in and to the Musical, the Atlas book, and all of the Bakers' copyright interests and rights of renewal and extension of copyrights and of derivative copyrights in the Musical, throughout the world. Most of the Bakers' obligations were assumed by the transferees. Subsequently, in turn, those rights, titles and interests were conveyed by Cashman and PKM Music to PASTIME. The July 11, 2008 assignment from the Bakers to Cashman and PKM Music are attached hereto as **Exhibit 2** and the separate September 23, 2011 assignments from Cashman and PKM Music, and from Metrostar Music, to PASTIME are attached hereto as **Exhibits 3 and 4**, respectively.

16. The Musical, in adaptations of the Atlas/C&S Book, was presented by PKM Music and Metrostar Music in two readings at the Yorke Theater in New York City, attended by potential investors and potential producers. After the first reading

Schreiber undertook to make some dialog changes and interject some humor. Those adjustments were incorporated for the second reading. No offers to invest or produce were forthcoming. The expert opinions following the readings were that the book was not strong enough to attract a producer, and that, as a novice, Schreiber's efforts to improve the book were inadequate and did not exhibit the potential to write a sufficiently entertaining book for a stage play with music that would be successful in the American theater.

17. Schreiber expressed his disappointment and asserted that the opinions of those experts should be disregarded, and he should be given the chance to keep revising the book. Plaintiffs declined, and Schreiber was assured that he would be entitled to his royalty as an author, at the percentage set forth in his Employment Agreement with the Bakers. Cashman told Schreiber that Cashman needed to go forward to get a new producer for the Musical, and, to accomplish that, the Atlas/C&S Book had to be re-written with a different writer or writers.

18. Cashman contracted with an experienced director, James Glossman, to correct, with Cashman, as many deficiencies in the Atlas/C&S Book as they could, and four readings were held at Montclair State University before small, invited audiences. The results were encouraging, but Glossman and Cashman realized that further re-writing was necessary, and a subsequent director, experienced in directing musicals, undertook to prepare a new reading in a rehearsal hall in New York City.

19. The New York City reading was successful enough to interest a producer, Armand Paganelli, to undertake a production of the Musical for five performances at

White Plains PAC, which were well received by the audiences.   For those performances the Atlas/C&S Book, with previous re-writes not done by Schreiber, was further improved by another writer, but there has been no further progress with the potential producer because on May 7, 2016 at White Plains PAC Schreiber orally threatened to sue Mr. Paganelli, asserting that he, Schreiber, owns the Musical and that the re-writes made after the readings at the Yorke Theater are all violations of Schreiber's ownership rights in the Musical.   Schreiber's claims are without merit and have no basis in law.   Mr. Paganelli has not made any further plans to produce the Musical, and awaits resolution of Schreiber's claims to decide whether or not to undertake further productions of the Musical.

20.     Schreiber, without right, title or interest, and without Plaintiffs' knowledge or consent, through a new attorney for Schreiber intentionally and fraudulently registered the Atlas/C&S Book for U.S. copyright as the owner and sole writer, under Copyright #Pau003739778 dated on September 16, 2014.   This was done by Schreiber to obstruct Cashman's efforts to secure a producer for the Musical if it would contain further re-writes of the Atlas/S&C Book.

21.     Schreiber intentionally falsified the writing and ownership information in his copyright registration application.   It was not inadvertent or immaterial, and he continues to assert, through his attorney, that the registration is valid.   Schreiber's writing services were rendered as an employee for hire under clear and incontrovertible provisions of a written contract; he had no right at law to claim copyright ownership of the Atlas/C&S Book and no right to claim, in malicious violation of Cashman's rights,

that Schreiber was the sole author.  Schreiber even maliciously omitted Atlas as an author.  In each production of the Musical Cashman and PASTIME have credited Schreiber as one of the authors.

22.    Years before Schreiber applied for his copyright Schreiber knew that the Bakers had assigned to Cashman and PKM Music the Bakers rights in the Musical and rights to copyright the Musical and that Cashman's and PKM Music's rights were in turn assigned to PASTIME. Nevertheless, Schreiber intentionally attempted to perpetrate this fraud upon the U.S. Copyright Office and Plaintiffs to forestall production of the Musical if it was going to be mounted with contributions from other writers.

23.    Schreiber's copyright registration #Pau003739778 is fraudulent and a violation of Cashman's rights, the rights of PKM Music and Metrostar Music as publishers of the compositions who are entitled to exercise rights in the music for cast recordings and other purposes, and the rights of PASTIME as the ultimate assignee from the Bakers of all rights, titles and interests in the Musical throughout the world and as the sole owner of the copyright in and to, and right to copyright, the Atlas/C&S Book and to make further revisions and uses of the Atlas/C&S Book.

24.    In May, 2016, pursuant to the rights, titles and interests conveyed to PASTIME through various conveyances from the Bakers and from Cashman, PKM Music and Metrostar Music, PASTIME applied for copyright registration of the Atlas/C&S Book as re-written subsequent to the second reading at the Yorke Theater. That copyright registration application appropriately credits the writers as Atlas, Cashman, James Glossman, Laura Fieber and Schreiber, and PASTIME as the sole

copyright proprietor.   Plaintiff is still awaiting receipt of the registration certificate.   In the meantime, The U.S. Copyright Office Receipt Case Number is 1-3470954995.

## CAUSE OF ACTION:
### Cancellation and Nullification of Copyright Registration #Pau003739778

25.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 - 24 above.

26.    Defendant Lee Schreiber's claim to own the copyright in and to the Atlas/C&S Book, and to being its sole writer, is intentionally fraudulent, contrary to law and in violation of the provisions of the U.S. Copyright Act.   The U.S. Copyright Act gives Defendant Lee Schreiber no such right or claim of right as a work-for-hire author.   The fraudulent copyright registration clearly violates the provisions of the Employment Contract.

27.    For good and substantial consideration, Defendant Lee Schreiber lawfully contracted at arm's length and with counsel of his choosing, and was commissioned as an employee-for-hire, to re-write, with Plaintiff Terry Cashman, an existing dramatic work that contained Terry Cashman's music.

28.    Defendant Lee Schreiber has made unreasonable demands that amount to an antagonistic, frivolous assertion of rights that have made it impossible to resolve this dispute despite Plaintiffs' reasonable efforts to resolve it.   Defendant's actions and threats have seriously interfered with and impeded Plaintiffs' ability to have the Musical produced for the legitimate theater.

29. The conflicting positions of Plaintiffs and Defendant are actual, immediate, and substantial, and a justiciable controversy exists over the opposing parties' respective rights and obligations.

30. There is a current, definite and concrete controversy between Plaintiffs and Defendant having adverse legal interests, and the controversy is sufficiently immediate and real to warrant the issuance of a Declaratory Judgment under 28 U.S.C. §2201. The controversy is amenable to specific relief through a decree of a conclusive character.

31. Defendant's claims are false and invalid. Plaintiff PASTIME LLC is the sole owner of the copyrights in the Musical that are the subject matter of this Complaint.

32. A Declaratory Judgment in this case would serve a useful purpose in clarifying and settling the respective rights and obligations of the parties, and will terminate and afford relief from the uncertainty, insecurity and emotional stress that is resulting from this controversy upon the persons who have invested substantial money and their time, effort and expertise in this project.

33. Plaintiffs request the Court to enter a Judgment and Orders that (i) Plaintiff PASTIME LLC is the sole copyright owner of the Atlas/C&S Book, and owns the right to register for copyright the Atlas/C&S Book and subsequent re-writes and versions, if any, of the Atlas/C&S Book, (ii) Plaintiff PASTIME LLC , and not Defendant, is entitled to quiet title to the ownership of the copyrights, and the right to obtain copyrights, in and to the Musical (iii) Defendant's Copyright #Pau003739778 is fraudulent and Plaintiffs seek an Order directing the Register of Copyrights and the

U.S. Copyright Office to cancel and annul that copyright registration and any others of the Atlas/C&S Book that may have been applied for by or through Defendant Lee Schreiber, and (iv) restraining and enjoining Defendant from claiming any rights of ownership of the Musical in any form, and from claiming any ownership rights of any other element of intellectual property related to the Musical.

34. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

35. WHEREFORE, Plaintiffs respectfully request that this Court enter Judgment and Orders, as follows:

(A) Declaring that Defendant Lee Schreiber has intentionally, fraudulently copyrighted the Atlas/C&S Book by claiming he is the copyright proprietor and the sole author thereof;

(B) Declaring that Plaintiff PASTIME LLC is the rightful and sole owner of the copyright in and to the Atlas/C&S Book and the right to copyright the Atlas/C&S Book;

(C) Declaring that Defendant Lee Schreiber's Copyright #Pau003739778 is invalid;

(D) Directing the Register of Copyrights and the U.S. Copyright Office to cancel and annul Copyright #Pau003739778 dated September 16, 2014;

(E) Declaring that Defendant Lee Schreiber has no copyright interest or right to claim any copyright interest in or to the Musical *ONCE UPON A PASTIME,* anywhere in the world, under any title that may be adopted for the Musical from time to time;

(F) Declaring that Defendant Lee Schreiber's writing services were rendered as an employee for hire so that, as to his services for the Musical *ONCE*

*UPON A PASTIME,* the book is a work for hire and is owned by PASTIME LLC.

(G) Declaring that Defendant Lee Schreiber is not the sole author of the Atlas/C&S Book;

(H) Declaring that PASTIME LLC is entitled to be the sole copyright owner of all re-writes of the Atlas/C&S Book, after Defendant Lee Schreiber completed his re-writes for the Atlas/C&S Book, pursuant to agreements that may so provide;

(I) Declaring that Defendant Lee Schreiber is restrained and enjoined from claiming any rights of ownership of the Musical, of the Atlas/C&S Book, or of any element of intellectual property contained in any form or version of the Musical that is the subject of this Complaint.

(J) Directing the Register of Copyrights and the U.S. Copyright Office to register for copyright PASTIME LLC's copyright registration application for *ONCE UPON A PASTIME* containing elements of the Atlas/C&S Book if the registration application is correctly completed and the registration fee paid.

(K) Awarding to Plaintiffs their attorneys' fees, plus costs, disbursements, and expenses.

Dated: November 7, 2016

Respectfully submitted,

By: _____
Philip S. Kurnit   (0647)

Philip S. Kurnit, Esquire
48 South Park Street, Unit #615
Montclair, NJ 07042-2788
Phone:  973-746-4333
Fax:  973-860-2221

Attorney for Plaintiff